UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR TEON LINDSEY,

        Petitioner,         Case Number 2:14-cv-10561
                                                      Honorable Arthur J. Tarnow

v.

J.E. THOMAS,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL [DKTS 11 AND 23]; DENYING PETITIONER'S MOTION TO DENY FURTHER EXTENSIONS [DKT 21]; AND DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT [DKT 22]**

On February 7, 2014, Petitioner Victor Lindsey filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On June 27, 2014, Respondent filed a motion for summary judgment, asserting that the petition was filed after expiration of the one-year statute of limitations under 28 U.S.C. §2244(d). Pending before the Court are Petitioner's motions for appointment of counsel, his motion to prohibit Respondent from requesting extensions, and his motion for default judgment. For the reasons set forth below, the Court will deny the motions.

A. Motions for Appointment of Counsel

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003), reh. denied,

539 U.S. 970 (2003). The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, after the Court has carefully reviewed the pleadings and state court record, including Respondent's motion for summary judgment and Petitioner response to that motion, if the Court determines that appointment of counsel is necessary, then it will do so at that time. Petitioner need not file any further motions regarding this issue.

B. Remaining Motions

Petitioner's remaining motions essentially take issue with the fact that Respondent filed a motion for summary judgment rather than an answer to his petition. He seeks the an order prohibiting Respondent from filing an answer and seeks a default judgment. Simply stated, a default judgment in favor of a habeas petitioner is unavailable in a habeas corpus proceeding. See *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Further, Respondent was entitled to file a motion for summary judgment seeking dismissal of the petition for failure to comply with the statute of limitations. *McCray v. Vasbinder*, 499 F.3d 568 (6th Cir. Mich. 2007).

As a result of his misunderstanding, Petitioner has not yet filed a response to Respondent's motion for summary judgment. Therefore, the Court will allow Petitioner thirty (30) days from the date of this order to file a responsive pleading addressing the timeliness of his petition.

Accordingly, **IT IS ORDERED** that Petitioner's motions for appointment of counsel [dkts 11 and 23]; Petitioner's motion to deny further extensions [dkt 21], and Petitioner's motion for default judgment [dkt 22] are **DENIED**

**IT IS FURTHER ORDERED** that Petitioner shall thirty (30) days from the date of this order to file a response to Respondent's motion for summary judgment.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 25, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 25, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant